IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Cheri Rhodes, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 9:97-1447-HMH-GCK |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of | ) | |
| Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[2] Cheri Rhodes ("Rhodes") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. In his Report, Magistrate Judge Kosko recommends reversing the Commissioner's decision and remanding the case under sentence four of 42 U.S.C. § 405(g) to the Commissioner to take appropriate action in awarding Rhodes benefits. For the reasons stated below, the court adopts the Magistrate Judge's Report and Recommendation, reverses the Commissioner's decision, and remands the case to the Commissioner to award Rhodes benefits.

---

[1] This case is proceeding against the current Commissioner of Social Security but was originally filed against John J. Callahan, the Acting Commissioner in May 1997.

[2] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

# I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. 275-81), and summarized as follows. At the time of the last hearing before the ALJ, Rhodes was a fifty-three-year-old woman with a college education. (Id. 276.) Her past employment includes serving as cosmetologist and owning and operating a beauty salon. (Id.) She alleges disability due to fibromyalgia, depression, headaches, and blackouts. (Id.)

On November 17, 1993, Rhodes filed an application for DIB. (Id. at 164.) The application was denied initially and on reconsideration, and a request for hearing was filed. The ALJ denied her claim on September 23, 1995, after conducting a hearing. The Appeals Council denied Rhodes' request for review. On May 19, 1997, Rhodes filed the instant action, and the court remanded the case for further proceedings. The ALJ held a supplemental hearing on January 16, 1998, and issued his decision on March 18, 1998, again denying Rhodes' claim for DIB. Rhodes sought review, but the Appeals Council could not make a determination as to whether the ALJ's decision was supported by substantial evidence because part of the record could not be located. (Id. 275.) Four years later, the Appeals Council remanded the case for reconstruction of the file, another hearing and a new decision. (R. 275.) On June 26, 2002, a third hearing was held. The ALJ, who was not the same ALJ who had previously heard Rhodes' claims, issued an unfavorable decision on September 25, 2002, finding that before June 30, 1993, Rhodes was able to perform her past relevant work. (Id. 279-80.). Rhodes again filed for review by the Appeals Council, but the Appeals Council did not reassume jurisdiction over the case, instead forwarding the request for review to the Magistrate Judge. Accordingly, the ALJ's most recent decision is the final decision of the

Commissioner.  See 20 C.F.R. § 404.984(a) (2005).   The Magistrate Judge recommends reversing the decision of the Commissioner and remanding the case for a determination of benefits.  The Commissioner filed objections to the Magistrate Judge's Report and Recommendation on August 19, 2005.

## II.  THE REPORT AND RECOMMENDATION

The Magistrate Judge recommends reversing the Commissioner's decision and awarding disability benefits to Rhodes.  In doing so, the Magistrate Judge states that the ALJ's decision "reflects a profound misunderstanding of fibromyalgia syndrome," and the ALJ erred in failing "to analyze [Rhodes'] disease in light of the appropriate symptoms." (Report & Recommendation 12.)  Further, the Magistrate Judge noted that the ALJ "appears to have overlooked the evidence of record in this case," finding that "substantial evidence exists in the record to indicate the severity of [Rhodes'] condition."  (Id. 13.)  The Magistrate Judge detailed Dr. Allen Bruner's ("Dr. Bruner") treatment of Rhodes for her symptoms before June 30, 1993, as well as the treating records of Dr. Neal Reynolds ("Dr. Reynolds"), a general surgeon, and Dr. McKay Brabham ("Dr. Brabham"), a rheumatologist.  (Id. 14, 15.)  In sum, the Magistrate Judge found that there was objective medical evidence supporting Rhodes' claim of disability.  Accordingly, the Magistrate Judge found that the ALJ erred in finding that Rhodes was not disabled, and recommended reversing the ALJ's denial of benefits and remanding the case to the Commissioner for an award of benefits to Rhodes.  (Id. at 15.)

3

### III. DISCUSSION OF THE LAW

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). In other words, the court "must uphold the factual findings of the [Commissioner only] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (emphasis added).

"A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal quotation marks omitted). If the Commissioner's finding is supported by substantial evidence, the court should uphold the Commissioner's finding even if the court disagrees with it. See id.

#### B. Objections

The Commissioner raised several objections to the Magistrate Judge's Report and Recommendation. Each will be addressed in turn.

#### 1. Objective Medical Evidence From the Relevant Time Period

The Commissioner first objected to the Magistrate Judge's determination that there "was objective medical evidence from the relevant time period to support [Rhodes'] claim of disability, and that the ALJ erred in concluding the opposite." (Objections 2.) The

4

Commissioner asserts that "the American College of Rheumatology requires, in order to establish a diagnosis of fibromyalgia, findings of pain with palpation at 11 of 18 predefined tender points." (Id.) The Commissioner argues that, because Dr. Brabham only found 2 of 18 tender points, the diagnostic criteria do not support a finding of fibromyalgia, much less a finding that Rhodes' fibromyalgia was disabling.

The Commissioner's argument is misplaced because the ALJ, like Rhodes' doctors, concluded that Rhodes had fibromyalgia. The ALJ found that "[t]he medical evidence indicates that, on or before June 30, 1993, the claimant had fibromyalgia and depression and/or a somatization disorder, impairments that are severe within the meaning of the Regulations" and stated that "[b]y June 30, 1993, the date last insured, it is clear that the claimant carried a diagnosis of fibromyalgia." (R. 277.) Hence, it is apparent that the ALJ agreed with Rhodes' doctors that Rhodes had the impairment before June 30, 1993. However, the ALJ disagreed with the contention that the condition was disabling to Rhodes at that time, claiming that the doctors' notes "do not shed any probative light upon the severity of the claimant's conditions due to a dearth of findings" and noting a lack of information in their records to "suggest a debilitating illness or disease." (Id. 278.) Because the ALJ found that Rhodes had fibromyalgia on or before June 30, 1993, whether she tested positive at the requisite number of tender points is irrelevant, and the Commissioner's objection on that basis is without merit.

### 2. Diagnosis of Fibromyalgia Insufficient

The Commissioner further objects that Rhodes' diagnosis of fibromyalgia does not establish disability. The Commissioner quotes Gross v. Heckler, 785 F.2d 1163, 1166 (4th

Cir. 1986), for the proposition that "[t]here must be a showing of related functional loss." However, Gross involved an allegedly disabling psychological condition. No published opinion by the United States Court of Appeals in the Fourth Circuit has cited Gross for requiring a showing of related functional loss when the claimant has alleged disability from a physiological problem, such as fibromyalgia. Indeed, requiring that showing would contravene other Fourth Circuit precedent concerning the disability requirements for a claimant who is suffering from allegedly disabling pain. "[P]ain itself can be disabling." Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989). "Further, while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective medical evidence of the pain itself or its intensity." Id. Given the ALJ's finding that Rhodes had fibromyalgia on or before June 30, 1993, and the lack of any dispute that fibromyalgia may cause pain, the proper inquiry is whether the record supports that Rhodes' fibromyalgia and other impairments resulted in her being disabled before June 30, 1993. The court notes that Walker does not require objective medical evidence of Rhodes' pain or its intensity, given that she had fibromyalgia.

The court finds that the substantial evidence of record supports the finding that Rhodes was disabled on or before June 30, 1993. It is undisputed that Rhodes stopped working in 1990, alleging that she could not continue due to the pain that she was experiencing. In 1994, Dr. Frank Harper ("Dr. Harper") began treating Rhodes for fibromyalgia and Dr. Strat Stavrou ("Dr. Stavrou") began treating her for fibromyalgia, irritable bowel syndrome, and a heart condition. (R. 278.) Doctors Harper and Stavrou, as well as her long-time treating physician Dr. Bruner, all opined that Rhodes was disabled. (Id. 141, 157 (Dr. Harper), 145-

6

46 (Dr. Bruner), 147 (Dr. Stavrou).)  While the ALJ found that "a review of their respective treatment records shows credible evidence of a worsening of the claimant's condition after June 30, 1993," the ALJ asserted that there is no objective medical evidence that shows that her impairments were debilitating <u>before</u> June 30, 1993.   (<u>Id.</u> 278.)  However, in May 1994, Dr. Harper's records state that Rhodes' condition had been progressively worsening over "recent years."  (R. 132.)   Moreover, on March 13, 1995, Dr. Harper wrote, "Because [Rhodes] is unable to sit, stand, walk, bend, stoop without difficulty, without hesitation I would say that she is totally and completely disabled from any meaningful or gainful employment."  (<u>Id.</u> 157.)  Significantly, Dr. Harper added, " [Rhodes] represents perhaps the bottom 1% of my practice in terms of outcome.  For that reason I think it is unlikely she will ever improve.  Based on this medical information, I again would reiterate that she is completely and totally disabled <u>and has been for a number of years</u>."  (<u>Id.</u>) (emphasis added). Similarly, Dr. Bruner, who has been treating Rhodes for almost thirty-five years, concluded that Rhodes was disabled in 1990, and the record supports Dr. Bruner's conclusion.  (<u>Id.</u> 146-147.)  Although the ALJ is correct in noting that the record appears to lack a determination by a treating physician before June 30, 1993, that Rhodes is disabled, that does not prevent the court from considering the opinions of her treating physicians as to when her disability began, especially given that part of the record, which may have contained such reports, was lost by the Social Security Administration.

"[A] treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial

7

evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). However, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Id. at 178.

In sum, the totality of the evidence supports only one finding in this case – that Rhodes had fibromyalgia before June 30, 1993, that her condition worsened over time, and that before June 30, 1993, her pain was so severe that she was disabled from it. Her other impairments, particularly depression, only compounded the problems she experienced from her fibromyalgia. Her doctors' conclusions are entitled to controlling weight, despite the fact that their proclamations of disability were made after June 30, 1993.

The Commissioner contends that the assessments conducted by the state agency psychologist and state agency physician based on their reviews of the record are entitled to "some weight." (Objections 4.) While true, Rhodes' treating physicians' opinions are entitled to controlling weight under Mastro. See 20 C.F.R. § 404.1527 (2005).

### 3. Objective Medical Evidence of Pain

The Commissioner's final objection is that the Magistrate Judge's asserted "objective medical evidence" does not support a claim of disability. The Commissioner argues that "[a]llegations of pain, without more, are insufficient to establish disability," citing Mickles v. Shalala. (Objections 5.); Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994). The Commissioner ignored the ALJ's finding that Rhodes had fibromyalgia and the conclusion by the Mickles court that "pain caused by an impairment . . . may of course render an individual incapable of working." Id. As noted above, there need not be objective evidence of the pain itself or its intensity. Walker, 889 F.2d at 49. Accordingly, the Commissioner's objections

8

to the nature of the evidence that the Magistrate Judge relied upon to conclude that Rhodes suffered disabling pain is without merit.

### III. CONCLUSION

Courts are empowered by 42 U.S.C. § 405(g) to affirm, modify, or reverse the decision of the Commissioner with or without remanding the case for a hearing. See Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). The Commissioner did not object to the Magistrate Judge's determination that reversal, not remand, would be appropriate, and did not otherwise request that the court remand the case. The court finds that remanding the case would be fruitless, as there is no need for further hearings or development of the facts.

Therefore, it is

**ORDERED** that the decision of the Commissioner is reversed and the case is remanded for a determination of benefits.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 21, 2005